Oliver J. MARUTZKY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18187.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1973.

Ted J. Pasley, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Pontotoc County, Case No. 4649, appellant, Oliver J. Marutzky, hereinafter referred to as defendant, on June 5, 1968, upon his plea of guilty, was convicted for the offense of Second Degree Burglary. His punishment was fixed at four (4) years imprisonment, suspended upon good behavior. On February 28, 1969, in the District Court of Carter County, Case No. CRF-69-40, defendant was charged for the offense of Larceny of Domestic Animals. On March 5, 1969, application was filed requesting revocation of defendant's suspended sentence for the above violation of the terms of his suspension. Said application was amended December 17, 1969, and on January 6, 1970, a hearing was held and the application was dismissed. On June 24, 1970, an application to revoke was filed alleging on June 4, 1970, defendant was convicted and sentenced to ten (10) years imprisonment for the offense of Larceny of Domestic Animals. On June 7, 1972, hearing was again held, ruling held in abeyance, and on January 26, 1973, defendant's suspended sentence was revoked.

At the hearing without objection of counsel, the State introduced State's Exhibits 1 and 2, the Information and Judgment and Sentence from Case No. CRF-69-40, respectively, representing defendant's conviction for the offense of Larceny of Domestic Animals. Thereafter, the State rested.

On behalf of the defense, eight witnesses testified generally establishing the conviction on which the application to revoke was grounded was based upon perjured testimony. The thrust of the defense generally was the accused did not commit the above offense and consequently did not violate the terms and conditions of suspension not withstanding the conviction.

Defense counsel submits in his first proposition defendant was twice placed in jeopardy at the second revocation hearing as the same evidence of violation of suspended sentence was presented at both hearings. We cannot agree with defense counsel's contention.

A revocation hearing on a suspended sentence is unique to most criminal hearings. This hearing is an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence.

Considering the above character of the suspended sentence in regard to defendant's contention that the second hearing twice placed defendant in jeopardy, we note the judicial construction of both Article 2, Oklahoma Constitution, Section 21, and the pertinent parts of the Fifth Amendment to the United States Constitution have characterized the principle of double jeopardy to be an applicable prohibition against prosecution for the same offense following acquittal; prosecution for the same offense following conviction; and a prohibition of multiple punishments for the same offense. Patton v. North Carolina, 381 F.2d 636 (4 Cir. 1967). In the instant case the court, which conducted

the second revocation hearing, did not twice place defendant in jeopardy as a final determination in that the revocation proceeding does not constitute a conviction or acquittal upon which jeopardy may attach. Furthermore, the hearing is conducted upon an existing condition and a previously imposed sentence and punishment. Consequently, defendant is not being twice punished for the same offense as the court is determining whether the original punishment imposed is to be executed not whether defendant will again be punished. We consequently find defense counsel's first proposition to be without merit as double jeopardy is not applicable to this circumstance.

In defense counsel's second proposition, he argues the doctrine of res judicata attached upon the court entering an order of dismissal at the first revocation hearing and the court was barred from entertaining a second hearing on the matter. In regard to this contention we note that: the court's order at the first hearing did dismiss the application to revoke on its merits; that the first and second revocation hearings were predicated upon the same violation of terms of suspension, the offense of Larceny of Domestic Animals; and that the only evidence at the subsequent revocation hearing was the Judgment and Sentence on the conviction for the offense of Larceny of Domestic Animals.

■ The application of the principle of res judicata, although questionable in a criminal proceeding of this nature, is not a consideration under the instant circumstances. The doctrine of res judicata usually extends only to facts and conditions as they existed at the time judgment was rendered and does not apply where there are new facts which did not exist at the time of the prior judgment. Johnson v. Flemming, 264 F.2d 322 (10th Cir. 1959). The facts in the instant case clearly set forth defendant's conviction for the offense of Larceny of Domestic Animals was entered subsequent to the first revocation hearing. At the second revocation hearing the Judgment and Sentence was the only evidence introduced in support of the revocation. It is this Court's opinion the subsequent hearing was predicated upon such a significant change in the facts as to remove any application of the rule of res judicata.

■ Defense counsel in his final proposition submits the hearing at which defendant's suspended sentence was revoked was not conducted in a fair manner. In the case of In re Collyar, Okl.Cr., 476 P.2d 354 (1970), this Court, after setting forth basic adjudicative guidelines, stated the requirement of due process at a revocation hearing is generally satisfied by a fundamentally fair inquiry of the grounds for revocation. We have carefully studied this record and note the trial judge is to be commended in the manner in which he conducted the above proceedings. At every stage of the above proceedings, the trial judge gave the defendant the utmost consideration and defense counsel's contention in this regard is frivolous and without merit.

The order revoking defendant's suspended sentence is affirmed.

BUSSEY, and BRETT, JJ., concur.