**Lawrence H. HEATLEY, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. O–73–287.

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1974.

Frank R. Hickman, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

OPINION

BRETT, Judge:

This is an appeal from an order revoking defendant's two (2) year suspended sentence imposed upon his conviction of the crime of Indecent Exposure in Case No. CRF–72–1151 in the District Court, Oklahoma County. The State filed an application to revoke that sentence upon the ground that the defendant had violated the conditions thereof by again committing the crime of Indecent Exposure, After Former Conviction of a Felony, as alleged in the Information filed in Case No. CRF–73–380.

Prior to the revocation of his suspended sentence, defendant entered a plea of guilty to the charges of the Information in Case No. CRF-73-380 after that Information was amended by striking the allegations of the Former Conviction of a Felony. He was thereupon sentenced to three (3) years imprisonment.[1]

Defendant contends that he was induced to enter a plea of guilty in Case No. CRF-73-380 by representations made by the State to defendant's attorney and by his attorney to him that his sentence would not exceed a total of three (3) years in both cases.

The defendant's argument on appeal is not that his plea was vitiated by such circumstances, but that he has a right to affirmatively enforce the plea bargain through the courts. He asks this Court to find that the State was estopped from filing an application to revoke his prior suspended sentence in violation of its agreement with him and that, consequently, the order of revocation must be reversed.[2]

We do not here reach the merits of defendant's argument that a defendant has the right to enforce the terms of a plea bargain under the circumstances of the instant case because the evidence adduced in the course of the several proceedings had below does not support the defendant's contention that such an agreement existed between him and the State of Oklahoma.

At the time the guilty plea was entered, the transcript of the proceedings reveals that the defendant's attorney argued that the State's recommendation of three years imprisonment was harsh and excessive in view of the fact that the State intended to pursue its application to revoke defendant's prior suspended sentence. It is impossible to glean from the pages of that transcript that any representation had been made by the State that it would not seek revocation of the suspended sentence. Nonetheless, the record reflects that the defendant was given several opportunities by the court to withdraw his plea of guilty in view of the fact that the State had announced its continued intention to revoke the prior suspended sentence, but the defendant unequivocally refused to do so.

Thereafter, the defendant retained new counsel for the revocation hearing. His previous counsel was called as a witness at the hearing upon the State's application to revoke. On direct examination by the defendant's then attorney, the following question was asked and answer given:

"Q. So, that at that time [at the time the defendant entered his plea of guilty] your understanding was and your contention was that he was to do a total of three years.

"A. That's not absolutely true in the sense of an understanding between the D.A. and myself. . . . but that was not an understanding in the sense that it was a firm agreement between Mr. Warren and myself." (Tr. 21) (Proceedings had on Aug. 15, 1973)

The defendant testified that he himself had never spoken to the District Attorney and, that his sole understanding of the agreement in question had come from representations made to him by his own attorney.

The most such evidence shows is that there was a misunderstanding on the part of the defendant for which the State was in no way responsible. If such a misunderstanding did exist, it was unequivocally clarified at the time of the proceeding on the plea of guilty. The defendant at that time fully understood the consequences of entering a plea of guilty and after being

---

1. The crime of Indecent Exposure bears a penalty of a minimum of thirty days imprisonment and a maximum of ten years imprisonment. 21 O.S.1971, § 1021. The crime of Indecent Exposure, After Former Conviction of a Felony bears a minimum penalty of ten years imprisonment. 21 O.S.1971, § 51.

2. See Davis v. Page, Okl.Cr., 431 P.2d 951, wherein this Court, under far different circumstances than those of the instant case, did in effect enforce the provisions of a plea bargain through a reduction see generally 22 C.J.S. Criminal Law § 423(5).

advised that he might withdraw such plea if he wished, affirmatively stated that he did not desire to withdraw his plea of guilty.

For all of the above and foregoing reasons, it is our opinion that the order of the trial court appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BUSSEY, J., concurs.