Mark Alan BISHOP, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–78–129.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1979.

Rehearing Denied April 30, 1979.

---

Jerome H. Blumenthal, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

This is an appeal from an order revoking the suspended sentence of appellant, Mark Alan Bishop, hereinafter referred to as defendant, in the Oklahoma County District Court, Case No. CRF–76–2295.

▮ The State filed an application to revoke defendant's five (5) year suspended sentence, alleging that defendant violated the terms of his probation by illegally possessing drugs, for which one felony and five misdemeanor charges were brought. At a hearing before Special District Judge Swank, the defendant, having negotiated with the prosecutor's office, confessed to the application to revoke and at the same time pled guilty to the drug charges. Judge Swank, ruling on both matters, sentenced the defendant to one year in the County jail for the misdemeanor drug offenses and also revoked one year of the suspended sentence, the two terms to run concurrently. Later that day, upon a motion of the State, Judge Swank vacated his judgment and sentence. The case was then heard before District Judge Carmon Harris, who revoked defendant's suspended five year sentence in its entirety.

In his first assignment of error, defendant contends that Judge Swank's order should not have been vacated on the State's motion. We disagree. The original order was indeed invalid, not because Judge Swank lacked the authority to hear the case, but because he lacked the authority to provide for concurrent sentences. Pursuant to 21 O.S.1971, § 61, Judge Swank should have ordered defendant's sentences to run consecutively. See, *Thurman v. Anderson*, Okl.Cr., 500 P.2d 1074 (1972). We hold, therefore, that the first judgment and sentence was properly vacated.

▮ In his second assignment of error, defendant asserts that he was twice placed in jeopardy by the two hearings. Again, we disagree. In *Marutzky v. State*, Okl.Cr., 514 P.2d 430 (1973), a second hearing on

revocation of a suspended sentence was held following dismissal of an earlier application. We held that the principle of double jeopardy is inapplicable to that unique situation, since revocation is not an adjudication of guilt or innocence but simply a reinstatement of a past, final judgment and sentence. Accordingly, we hold in the instant case that the District Court was not barred from conducting a second hearing on the State's application to revoke defendant's suspended sentence.

■ Having determined that both the vacation of the first order and the holding of the second hearing were proper, we finally consider whether Judge Harris' disposition of the case was proper. At the second hearing, defendant stood mute instead of confessing to the application, so that the State was required to introduce its proof that defendant violated the terms of his probation. To this end, the parties stipulated that the defendant had pled guilty to the drug charges. Defendant's attorney now objects that it was unfair to base the revocation on those pleas since they were the result of bargaining. We find, however, that counsel is in no position to complain since he failed to withdraw them. See, *Heatley v. State*, Okl.Cr., 518 P.2d 1273 (1974). Because defendant neither withdrew the pleas nor timely appealed the drug convictions, they became final in accord with *Kern v. State*, Okl.Cr., 521 P.2d 412 (1974). We hold that the stipulation that defendant pled guilty to subsequent crimes while on probation provided ample evidence to support the State's application.

Accordingly, Judge Harris' order to revoke defendant's suspended five year sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.