**Loy Chris STEVENS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. 0–78–573.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1981.

David M. Jordan, Foshee, Manger & Yaffee, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant pled guilty to Assault and Battery with a Dangerous Weapon in Oklahoma County District Court Case No. CRF–75–3151. He was sentenced to four (4) years imprisonment, the first six months to be served in the county jail and the remainder was suspended.

The suspended sentence was subsequently revoked on the ground that the appellant had been convicted of Possession of Marijuana in Marshall County, Oklahoma, Case No. CRM–76–843. The appellant was ordered to serve the remainder of his sentence in the State penitentiary, and he appeals.

The sole proposition of error is that the court was without jurisdiction to either hear or revoke the suspended sentence as the sentence was improper. It is argued that because the statute under which he was charged provides that Assault and Battery with a Dangerous Weapon is punishable by up to one year in the county jail or up to five years in the penitentiary, the court lost jurisdiction over the appellant when it originally sentenced him to six (6) months in the county jail and suspended the remainder. The appellant urges that there is no statutory authority which authorizes sentencing a person in both the county jail and the penitentiary. We do not agree.

On the initial plea of guilty the appellant was sentenced to four (4) years in the State penitentiary. The sentence is in conformity with the provisions of 21 O.S.1971, § 645. Further, the suspension of the execution of 3½ years of the sentence is valid pursuant to 22 O.S.Supp.1979, § 991a. The fact that the appellant was allowed to serve the initial unsuspended portion of the sentence in the county jail rather than the Department of Corrections did not render the sentence defective. The court had jurisdiction to sentence the appellant up to five (5) years in the penitentiary. Therefore, a sentence of four (4) years was valid.

Having maintained continuing jurisdiction over the case because of the suspended portion of the sentence, the order revoking the suspended sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.