David Paul CROWELS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–82–626.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1984.

Thomas J. Ray, Jr., Asst. Public Defender, Mary Lou Strange, Legal Intern, Oklahoma County, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The parties to this appeal stipulate that the following constitute the pertinent facts for this appeal: David Paul Crowels, the appellant, pled guilty in the District Court of Oklahoma County, Case No. CRF–79–149, to the crime of Murder in the Second Degree. He was sentenced to ten (10) years' imprisonment, suspended except as to the first five (5) years.

On March 25, 1982, an application to revoke suspended sentence was filed alleging that the appellant had committed the crime of Escape from the Penitentiary.

On April 6, 1982, the appellant pleaded guilty to the crime of Escape from the Penitentiary, Case No. CRF–80–4087, and was sentenced to two (2) years' imprisonment.

On April 15, 1982, in a hearing before the Honorable David M. Cook, District Judge, the appellant's suspended sentence was revoked in full. From said revocation, the appellant brings this timely appeal.

The appellant's sole assignment of error is that, as he was not serving the suspended portion of his sentence when the crime of Escape from the Penitentiary was committed, he did not violate a condition of his suspension. Therefore, the appellant argues, revocation of the suspended portion

of his sentence for Murder in the Second Degree was improper.

 We note first that as the trial court had jurisdiction to sentence the appellant to ten (10) years in the penitentiary under 21 O.S.1981, § 701.9, the court maintained jurisdiction over the case because of the suspended portion of the sentence. *Stevens v. State*, 625 P.2d 121 (Okl.Cr. 1981). Secondly, an application to revoke a suspended sentence, if filed before the expiration of the sentence, vests the trial court with the judicial power and authority to hear and determine the issue of revocation. See, *Degraffenreid v. State*, 599 P.2d 1107 (Okl.Cr.1979), and cases cited therein. Furthermore, the decision to revoke a suspended sentence is clearly within the discretion of the trial judge, and reversal is unwarranted absent a showing of abuse of that discretion. See, *Cooper v. State*, 599 P.2d 419 (Okl.Cr.1979), and cases cited therein.

 In the instant case, the appellant admits freely that it is an inherent condition of a suspended sentence that the defendant will not commit a felony during the period of suspension. *Cooper*, supra; *Anderson v. State*, 489 P.2d 797 (Okl.Cr.1971). The appellant argues, however, that this rule does not apply here, because the felony was committed during the period of incarceration rather than during the period of suspension.

 We find the appellant's argument to be meritless. The appellant was at all times serving but one sentence on one judgment, said sentence to run ten (10) years. The trial judge's choice to suspend part of the appellant's sentence, a matter entirely within his discretion under 22 O.S. 1981, § 991a, in no way affected the singular nature of that judgment and sentence. We believe, therefore, the rule stated in *Cooper*, supra, means clearly that a sentence suspended in whole or in part imposes the inherent condition that the defendant should not commit any felony *during the period of that sentence*. See also,

*Barthiume v. State*, 549 P.2d 366 (Okl.Cr. 1976).

 Here, the appellant stipulates that he committed a felony during the running of the sentence for his conviction of Murder in the Second Degree. Moreover, the appellant does not claim that he received anything less than a full and proper hearing on the merits of the application to revoke suspended sentence. We are of the opinion, and therefore do hold, that the District Court of Oklahoma did not abuse its discretion in revoking the suspended portion of the appellant's sentence.

AFFIRMED.

CORNISH and BRETT, JJ., concur.