Ronald Hansel **CURTIS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–85–398.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1988.

Rehearing Denied Nov. 21, 1988.

C. Merle Gile, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Ronald Hansel Curtis, appellant, was tried by jury and convicted of Lewd Molestation (21 O.S.Supp.1984, § 1123) (Count I), and Sodomy (21 O.S.1981, § 886) (Count II), in Noble County District Court, Case No. CRF–84–52, before the Honorable Lowell Doggett, District Judge. The jury set punishment at twenty (20) years imprisonment on both counts, and the trial judge, pursuant to 22 O.S.1981, § 928, reduced the sentence on Count II to ten (10) years, the maximum allowable under 21 O.S.1981, § 886, and ordered the sentences to run concurrently. We reverse and remand for a new trial.

A recitation of the facts is unnecessary as we find merit in appellant's third assignment of error in which he asserts that he was improperly denied his constitutional right to confront the witnesses against him when the trial court erroneously admitted at trial a videotaped interview of A.C. on June 1, 1984, by social worker Ronni Blunt.

On appeal, the State contends that the videotape was properly admitted under 10 O.S. Supp.1984, § 1147. We disagree.

■ The videotaped statements made by A.C. to social worker Ronni Blunt during an interview on June 1, 1984, were hearsay. *See* 12 O.S.1981, § 2801. "Hearsay is not admissible except as provided by law." 12 O.S.1981, § 2802. Unless hearsay falls within an exception to the hearsay rule provided in the Oklahoma Evidence Code or other enactment of the Legislature, it is inadmissible, as Oklahoma courts are not free to create new exceptions. *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 277 (1985). We now turn to the question of whether the videotape was properly admitted under 10 O.S.Supp., § 1147, as urged by the State.

■ Section 1147 applies "only to a proceeding affecting the parent-child, guardian-child or family relationship in which a child twelve (12) years of age or younger is alleged to have been abused...." 10 O.S. Supp.1984, § 1147(A). Title 22 O.S.Supp. 1986, § 752, generally follows the form of Section 1147, but "shall apply only to a proceeding in the prosecution of an offense alleged to have been committed against a child twelve (12) years of age or younger...." A comparison of the language employed in Sections 1147 and 752 indicates that while certain prerecorded statements may be admissible under Section 752 in criminal trials, Section 1147 has no application in criminal cases. *See* 1984 Okla. Sess.Laws 369. A statute must be held to mean what it plainly expresses, and there is no room for interpretation where the language employed is clear and unambiguous. *See Abshire v. State,* 551 P.2d 273, 274 (Okla.Crim.App.1976). Further support is derived from the fact that Section 1147, unlike Section 752, does not require the child to testify or be declared unavailable, and thus creates doubt as to its validity against a constitutional challenge for denial of an accused's fundamental right to confrontation. *See* Note, *The Sexually Abused Infant Hearsay Exception: A Constitutional Analysis,* 8 J.Juv.L. 59, 68–73 (1984); Note, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases,* 83 Colum.L.Rev. 1745, 1748–49 (1983).

■ The fact that Section 752 was not available at the time of trial does not justify the admission of the videotape under Section 1147, a statute which, for the reasons already given, is clearly not applicable in criminal proceedings. Finally, with regard to the suggestion by the dissent that the videotape was admissible under 12 O.S. Supp.1984, § 2803.1, it should be noted that Section 2803.1 by its own terms does not purport to apply to prerecorded videotaped statements, and does not contain the critical foundational safeguards provided for in 22 O.S.Supp.1986, § 752, which specifically address the admission of prerecorded videotaped statements. The more specific of two applicable provisions must be utilized in a given situation. *Holder v. State,* 556 P.2d 1049, 1053 (Okla.Crim.App.1976). The fact that Section 752 was not available at the time of trial does not justify stretching Section 2803.1 beyond its intended limitations. We believe the enactment of Section 752 indicates that the Legislature did not intend that prerecorded videotaped statements be admissible under Section 2803.1. To hold otherwise, would make the enactment of Section 752 a useless act. The Legislature is never presumed to have done a vain thing. *Loffland Bros. Equipment v. White,* 689 P.2d 311, 314 (Okla. 1984). We cannot say the admission of the June 1, 1984, videotaped interview of A.C. by Ronni Blunt was harmless error beyond a reasonable doubt.

For all of the foregoing reasons, the judgments and sentences are REVERSED and REMANDED for a NEW TRIAL.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I dissent. The majority correctly recognizes that 10 O.S.Supp.1984, § 1147 has no application in criminal proceedings. Admission of A.C.'s videotaped statement at trial under this section was improper. Title 22 O.S.Supp.1986, § 752 could not have

served as a basis to either admit or exclude the statement at trial, since it had not been enacted yet. Therefore, the questions before this Court are, first, could A.C.'s videotaped statement properly be admitted at trial, and second, if admission was improper, could it have resulted in unfair prejudice to appellant.

With regard to the first question, the record reflects that the trial court conducted a hearing outside the presence of the jury and found that the time, content, and circumstances of A.C.'s statement provided sufficient indicia of reliability. A.C.'s testimony was presented at trial. The foundational requirements of 12 O.S.Supp.1984, § 2803.1 were met, and admission of the statement was proper.

I cannot join in the majority's position that § 2803.1 never covered videotaped statements. The majority asserts that the videotape was not admissible because it constituted hearsay. " 'Hearsay' is a *statement....*" 12 O.S.1981, § 2801. (Emphasis added.) Section 2803.1 provides in part, "A *statement* ... is admissible...." (Emphasis added.) The majority's opinion indicates that "statement" has one meaning for defining inadmissible hearsay, but an altogether different meaning for purposes of § 2803.1. My understanding is that "statement" has but one meaning, that being the definition provided by statute at 12 O.S.1981, § 2801. I can find no ambiguity in the use of the word "statement" in § 2803.1. "[W]here the language of a statute is clear and unmistakable, there is no room for construction, and no justification exists for interpretive devices to fabricate a different meaning." *Anschutz Corp. v. Sanders,* 734 P.2d 1290, 1292 (Okla.1987). Nonetheless, the majority in this case has not only resorted to the tool of legislative intent to fabricate a different meaning for the word "statement", but has fabricated inconsistent definitions within a single opinion. Such an arbitrary application of the law is unsupportable under any authority of which I am aware, and I will not join in creating that type of authority.

With regard to the second question, "[i]t is not error alone that requires reversal of judgments of conviction, but error plus injury, and the burden is upon the appellant to establish to the reviewing court the fact that he was prejudiced in his substantial rights by the commission of error." *Harrall v. State,* 674 P.2d 581, 583 (Okl.Cr. 1984). Even if admission of the videotape had been improper, the record shows that A.C.'s testimony was presented at trial. Adults to whom A.C. had made statements testified concerning those statements. The majority does not contest the propriety of admitting this evidence, nor could it. In this case, the videotape was merely cumulative evidence. In light of the great weight of evidence, admission of the videotape could not have amounted to more than harmless error. *See, Byrd v. State,* 657 P.2d 183 (Okl.Cr.1982).

Finally, as a practical matter, I would note that under 22 O.S.Supp.1987, § 752, a more specific statute dealing with videotaped statements, the State will be able to introduce the videotape on remand. All of the evidence presented in the first trial will be admissible. A new jury will decide the same issues on the basis of the same evidence. There can be no doubt that the evidence presented in the first trial was sufficient for a conviction. A retrial of this case amounts to nothing more than a waste of judicial resources.

For each of the foregoing reasons, I must respectfully dissent.