**Robert Dale McCAULEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–91–0009.**

Court of Criminal Appeals of Oklahoma.

July 2, 1991.

### ACCELERATED DOCKET ORDER

Appellant entered a plea of guilty to the charge of Burglary First Degree and Rape Second Degree, and was sentenced August 29, 1980, in the District Court of Kay County, Case No. CRF–80–116, to ten years on both counts to run consecutively. Appellant was ordered to serve one year on each count, consecutively, in the Kay County Jail, and the balance of the sentence was suspended upon terms and conditions of probation.

The State filed an application to revoke Appellant's suspended sentence January 9, 1990. When the revocation application was filed, Appellant was already in custody on new charges. A hearing on the State's revocation application was not held until July 3, 1990, at which time the District Court revoked the balance of Appellant's suspended sentence. Appellant has appealed to this Court contending the order of the District Court should be reversed as the hearing on the revocation of Appellant's suspended sentence was not held within twenty (20) days of his arrest on this charge as required by 22 O.S.1981, § 991b.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument June 6, 1991, pursuant to Rule 11.-5(c). At the conclusion of oral argument, the parties were advised of the decision of this Court.

We agree with Appellant's contention. Title 22 O.S.1981, § 991b, prescribes that a suspended sentence may not be revoked "unless a petition setting forth the grounds of the revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justi-

fying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the date of arrest." Because of this statutory language, absent a valid waiver by the defendant, we find the twenty (20) day rule applies from the time the person is arrested and detained on the State's application to revoke a suspended sentence, regardless of the fact the person may already be in custody on other charges.

■ It does not appear from the record before this Court that a warrant of arrest was issued upon the application to revoke Appellant's suspended sentence. This is probably because Appellant was already in custody on other charges. However, an appearance was made by Appellant in the District Court on January 9, 1990, pursuant to the State's revocation application at which time bond was set for Appellant. Therefore, January 9, 1990, would be considered the date Appellant was restrained on the State's revocation application; and, the District Court would retain jurisdiction of this matter for twenty (20) days from this date. As the hearing on the revocation of Appellant's suspended sentence was not held until July 3, 1990, and the record before this Court does not reflect a waiver of the twenty (20) day rule by the Appellant, the District Court no longer retained jurisdiction of Appellant in this matter.

IT IS THEREFORE THE ORDER OF THIS COURT, by a five (5) to zero (0) vote, that the judgement and sentence should be, and hereby is, REVERSED and REMANDED with instructions to DISMISS the application to revoke Appellant's suspended sentence in Case No. CRF–80–116 for lack of jurisdiction.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT.

/s/James F. Lane
JAMES F. LANE, Presiding Judge
/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/Tom Brett
TOM BRETT, Judge

/s/Ed Parks
ED PARKS, Judge
/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge