2001 OK CR 29

**Brian Keith BYRD, Appellant,**

v.

**The Honorable Susan CASWELL,
Judge of the District Court
of Oklahoma County.**

**No. HC–2001–385.**

Court of Criminal Appeals of Oklahoma.

Oct. 16, 2001.

### ORDER GRANTING APPLICATION
### FOR WRIT OF PROHIBITION

¶ 1 On April 4, 2001, Petitioner filed an application in this Court challenging an order of the District Court of Oklahoma County, entered April 3, 2001, denying his motion to dismiss or application to stay revocation proceedings in that Court in Case No. CF–00–320. This Court stayed the proceedings below and directed a response from the Respondent, the Honorable Susan P. Caswell, District Judge, or her designated representative.[1]

¶ 2 On July 14, 2000, Petitioner pled guilty to felony Driving Under the Influence of Alcohol and Driving Under Suspension in Oklahoma County Case No. CF–2000–320. He received a five-year suspended sentence, with the first year to be served in the Work Habilitation Inpatient Program (WHIP). On October 10, 2000, the State filed an application to revoke Petitioner's suspended sentence, alleging he (1) tested positive for cocaine, and (2) was not in compliance with the WHIP program. Petitioner was arraigned on this application on December 15, 2000. The courthouse was closed on his first court date and the case was rescheduled for January 3, 2001. At that time Petitioner refused to waive his statutory right to have a hearing on the application to revoke within twenty days of his arraignment on the charges.[2] The State asked the District Court to dismiss the application without prejudice, the Court dismissed the case, and the State indicated it would re-file the application. The State filed an Order of Dismissal on January 12, 2001.

---

1. *Byrd v. Caswell,* No. HC–2001–385 (Okl.Cr. April 6, 2001).

2. *22 O.S.Supp.2000, 991b* (A).

The State re-filed the application to revoke Petitioner's suspended sentence on January 24, 2001. Petitioner was arraigned on March 22, 2001, and given a court date of April 3, 2001. On that date he moved to dismiss the application as being outside the original twenty-day limit, running from the December 15, 2000, arraignment on the original application.

¶ 3 We first dispose of Petitioner's claim that the trial court exceeded its authority by ordering the State to re-file the application to revoke after dismissing the original application on January 3. The Oklahoma County District Attorney, responding on behalf of Respondent Judge Caswell, disputes this claim, correctly noting that it is not within Respondent's discretion to order the State to re-file an application. Respondent claims the State merely asked the case be dismissed on January 3 while independently notifying Petitioner of the State's intention to re-file. Petition has provided this Court with no records or transcripts of proceedings in the District Court.[3] We cannot review this claim on this record.

¶ 4 Petitioner complains that the State has failed to hold a revocation hearing within twenty days of his December 15, 2000, arraignment on the original application to revoke. He contends the District Court no longer has jurisdiction in the case, and claims his continued confinement in the Oklahoma County jail is in violation of the United States and Oklahoma constitutions as well as Oklahoma statutes and case law. He asks this Court to issue (1) a writ of habeas corpus releasing him from unlawful confinement; (2) a writ of prohibition prohibiting Respondent from exercising authority in the case; and in the alternative, (3) a writ of mandamus ordering the Respondent to dismiss the State's application to revoke.

¶ 5 The crux of this case is the appropriate use of the twenty-day rule. The Legislature provided that a suspended sentence may be revoked only after "competent evidence justifying the revocation of the suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the entry of the plea of not guilty to the petition, unless waived by both the state and the defendant."[4] Petitioner contends the State cannot file an application to revoke a suspended sentence, arraign the defendant, wait until the twenty-day requirement for a hearing is due without providing that hearing, dismiss the application, and re-file the application using the same violations as a basis for the charges. We agree. The statute says the State has twenty days after arraignment to justify its application to revoke, unless the defendant waives that time limit. The statute does not suggest the State may evade its responsibility to prove its case within twenty days by dismissal and re-filing, using the same charges as the basis for the revocation. Under this practice this State may postpone the hearing date for months, as was done here. On the record before us it is clear that the second application filed here was based on the same violations which were used to support the first application.[5]

¶ 6 We will not presume the Legislature to have done a vain thing.[6] Elementary statutory interpretation requires us to avoid any construction which would render

---

3. The petitioner shall ensure all District Court records and transcripts which apply to this extraordinary writ are filed with the Clerk of this Court. *Rule 10.1* (C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2001).

4. *22 O.S.Supp.2000, 991b* (A).

5. The State in its response brief does not deny that the second application alleged exactly the same violations as alleged in the first application. Indeed, the State argues that the violation alleged in the second application was filed because "Petitioner was still in violation of his probationary terms by his illegal drug use and failure to comply with the WHIP program." State's Brief at 3. These allegations are precisely the same alleged violations as alleged in the first application. See State's Brief at 2. Moreover, the docket sheet of the District Court clearly indicates that the alleged violations in the Applications filed on October 10, 2000, and January 24, 2001, are exactly the same.

6. *Huskey v. State*, 1999 OK CR 3, 989 P.2d 1, 6; *Ellis v State*, 1992 OK CR 45, 867 P.2d 1289, 1298, *cert. denied, 513 U.S. 863*, 115 S.Ct. 178, 130 L.Ed.2d 113; *Curtis v. State*, 1988 OK CR 185, 763 P.2d 377, 378; *Screws v. U.S.*, 325 U.S. 91, 100, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945).

any part of the statute superfluous or use-less.[7] We must construe the plain, ordinary meaning of statutory language, while giving effect to the expressed intention of the Legislature.[8] Here the plain language of the statute provides the State one opportunity to justify its application to revoke a suspended sentence, and requires the State to take that opportunity within twenty days of arraignment on the charges raised in the application. We have held the Legislature enacted the twenty-day rule in an effort to ensure there is no substantial time lag between arrest or arraignment on an application to revoke and the trial court's eventual determination of whether a suspended sentence should be revoked.[9] The Legislature chose twenty days as the limit which would safeguard the process from undue delay. This Court cannot, by judicial fiat, extend that twenty-day limitation; nor can the State disregard the Legislature's expressed intent by dismissing and re-filing claims based on the same charges. If the twenty-day period is not adequate time, the remedy is for the Legislature, not the executive branch or the courts.

¶ 7 Rather than analyzing this claim, Respondent suggests it is an attempt to "muddy the waters" of the proceedings below.[10] Respondent asserts that the State dismissed the original application on the nineteenth day "as it would have been nearly impossible to locate the witnesses and hold a revocation hearing within the remaining twenty-four hour time period that remained in the twenty days."[11] This suggests the State never intended to hold Petitioner's hearing within the limits of the twenty-day rule. Either the State relied on Petitioner waiving his right to a hearing within twenty days, or the State planned to dismiss and re-file, based on the same charges, while it located its witnesses. This behavior contributed to a substantial time lag between arraignment—on December 15, 2000—and the hearing on the charges, which has not yet been held. The Legislature mandated that, absent a defendant's waiver, the State must hold a hearing within twenty days. The State should be prepared to undertake that burden and consider that time limit when filing an application to revoke. The State should not assume a defendant will waive his timely right to a hearing. By dismissing and re-filing an application when it is "nearly impossible" to hold a timely hearing the State in effect forces the defendant to waive that right. Moreover, the Legislature's specific twenty-day time limit becomes meaningless. In this case alone, five months passed between the last scheduled hearing date and the time the State first arraigned Petitioner on the charges which form the basis for the current application to revoke his suspended sentence. If we condone this practice, the Legislature's intention in enacting the twenty-day rule is negated, and the rule has no purpose.[12] We hold that the State may not file an application to revoke based on specific charges, fail to hold a timely hearing, dismiss that application, and re-file another application to revoke based on the same charges. This contravenes the Legislature's purpose and intent, and is an abuse of the explicit statutory time limitation.

¶ 8 Nothing in this opinion precludes the State from dismissing the original application and subsequently filing a new application, as long as the new application to revoke alleges new violations as the basis for revocation. That is, the State is prohibited from filing subsequent applications to revoke based on the same specific charges. However, the State may file subsequent applications based

7. *Reupert v. State*, 1997 OK CR 65, 947 P.2d 198, 201; *Bryant v. Commissioner of the Dept. Of Public Safety*, 1996 OK 134, 937 P.2d 496, 499; *Curtis*, 763 P.2d at 378.

8. *State v. Young*, 1999 OK CR 14, 989 P.2d 949, 955; *Davis v. State*, 1996 OK CR 15, 916 P.2d 251, 256.

9. *Baker v. State*, 1996 OK CR 49, 927 P.2d 577, 581; *Pickens v. State*, 1989 OK CR 58, 779 P.2d 596, 597.

10. Respondent incorrectly claims that Petitioner cites no authority for his claims. We note that Respondent cites only one case, defining the purpose of habeas corpus, which sheds no light on the issues raised by Petitioner.

11. Response at 4.

12. *Ellis*, 867 P.2d at 1298.

on different charges. That is true in this case as in any other.

■ ¶ 9 Petitioner also claims Respondent has no jurisdiction over him. The District Court of course has general jurisdiction over revocation proceedings.[13] However, that jurisdiction was not properly invoked here. Respondent's jurisdiction to hear the case depends on the validity of the case filing.[14] We have determined that the State improperly violated the twenty-day rule by re-filing the application to revoke Petitioner's suspended sentence. Petitioner's Application for Writ of Prohibition is **GRANTED.** The case is **DISMISSED.**

¶ 10 IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge, Dissenting

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

/s/ Steve Lile
STEVE LILE, Judge, Dissenting and joins Judge Lumpkin's writing

LUMPKIN, Presiding Judge, dissenting:

¶ 1 The order correctly states "[t]he crux of this case is the appropriate use of the twenty-day rule [*22 O.S.Supp.2000, 991b* (A)]." The order also correctly recognizes that our task is to construe the plain, ordinary meaning of Section 991b(A), and to give effect to the expressed intention of the Legislature by making sure the twenty-day rule does not become meaningless and is not negated. However, the majority does not correctly analyze and interpret Section 991b(A) and the appropriate use of the twenty-day rule, nor have they correctly determined the intent of the Legislature. *See e.g. Scott v.*

*State,* 734 P.2d 326 (Okl.Cr.1988). The majority has also not correctly analyzed the facts of this case.

¶ 2 I urge the Oklahoma Legislature to amend Section 991b(A), and explain to the judges agreeing to this order its true intent, by stating this provision is not a statute of limitations and the remedy for a violation of the twenty-day rule is and always has been release from incarceration (or other deprivation of liberty). This remedy has always been restoration of the liberty interest enjoyed before the petition to revoke suspended sentence was filed. The amendment should specifically state the dismissal of a petition to revoke suspended sentence is without prejudice to re-filing the petition.

¶ 3 Section 991b(A) provides that a hearing on a petition to revoke suspended sentence must be held within twenty (20) days after the entry of the plea of not guilty to the petition. *22 O.S.Supp.2000, 991b* (A). As noted by the majority, Section 991b(A) only refers to one opportunity to justify a petition to revoke a suspended sentence. *Id.* The majority finds Section 991b(A) "does not suggest the State may evade its responsibility to prove its case within twenty days by dismissal and re-filing, using the same charges as the basis for the revocation." However, Section 991b(A) also "does not suggest" that the petition cannot be re-filed using the same charges as the basis for the revocation. *22 O.S.Supp.2000, 991b* (A). In fact, nowhere does Section 991b(A) refer to a remedy for the probationer when the revocation hearing cannot be held within the twenty (20) day period. *Id.* Thus, the crux of this case is the appropriate use of the twenty-day rule, and the appropriate remedy for its violation.

¶ 4 This Court has recognized that the twenty-day rule was enacted by the Oklahoma Legislature in response to this Court's decision in *Woods v. State,* 526 P.2d 944 (Okl.Cr.1974), and the decisions of the United States Supreme Court in *Morrissey v. Brew-*

---

**13.** *Parker v. State,* 1996 OK CR 19, 917 P.2d 980, 985, *cert. denied,* 519 U.S. 1096, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997). *See also M.K.H. v. State,* 1997 OK CR 57, 946 P.2d 677, 679 (reverse certification hearing is matter of due process, not jurisdiction).

**14.** *McCauley v. State,* 1991 OK CR 69, 814 P.2d 157, 158 (district court loses jurisdiction of application for revocation where hearing is not held within twenty days and defendant did not waive timely hearing).

*er*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *See Baker v. State*, 927 P.2d 577, 581–83 (Okl.Cr.1996); *Pickens v. State*, 779 P.2d 596, 598 (Okl.Cr.1989). Those cases addressed the Due Process Clauses of the Oklahoma and United States Constitutions, and the mandates of due process required in proceedings to revoke probation and parole. *Id.* Therefore, the twenty day rule was enacted and designed to protect due process rights. *Id.*

¶ 5 The Due Process Clauses of both the Oklahoma and United States Constitutions provide that no person shall "be deprived of life, liberty, or property, without due process of law." Okla. Const. Art. 2, § 7; U.S. Const. amend. V. By its plain language, when a person's due process rights are violated, the life, liberty, or property of which the person was deprived should be restored. That is exactly what happened in this case, thus Petitioner received all the relief to which he was entitled.

¶ 6 On January 3, 2000, when the twenty day rule was going to be violated, Petitioner, who had already been released from incarceration on bond, had his bond exonerated. Thus, he was restored to the probationary liberty interest he enjoyed before the petition to revoke suspended sentence was filed. Also, Petitioner suffered no deprivation of liberty or any other hardship during the "five months [which] passed between the last scheduled hearing date and the time the State first arraigned Petitioner on the charges which form the basis for the current application to revoke his suspended sentence." *See* majority op. ¶ 7. Yet, the majority does not seem to like what happened during this period.

¶ 7 The majority apparently doesn't think that the release from incarceration, the exoneration of bond, and the restoration of a liberty interest, is very important or much of a remedy. The majority believes that if the only remedy available to Petitioner is getting back the liberty interest he enjoyed before the petition to revoke suspended sentence was filed, then Section 991b(A) is "a vain thing" that is "superfluous or useless", and its terms are "meaningless", "negated", and have "no purpose." *See* majority op. ¶¶ 6–7. I believe most people in this state, this country, and especially this world, would disagree, believing that the release from incarceration and restoration of a liberty interest would be one of the best remedies available and one of the most important rights we can possess.

¶ 8 Dismissal with prejudice of a petition to revoke suspended sentence has been held proper under fundamental fairness and due process considerations, but only after five (5) years elapsed between the filing of the petition and the revocation hearing, when the whereabouts of the probationer was readily known. *Cheadle v. State*, 762 P.2d 995 (Okl. Cr.1988). Therefore, the majority is obviously not using such due process considerations in its application of the twenty day rule, but is trying to turn the twenty day rule into some type of statute of limitations, which prohibits further 'prosecution' after the period has expired.[1] Clearly, the Oklahoma Legislature would never have set a statute of limitations at such a short period as twenty (20) days. The Oklahoma Legislature would also never have intended probationers to escape any and all responsibility for their probation violations, if the revocation hearing could not be held with the twenty day period, due to weather or other factors beyond the control of the parties.

¶ 9 That brings us to the facts of this case, and the majority's analysis thereof. The majority criticizes the State for dismissing the petition to revoke on the nineteenth day, January 3, 2001, "as it would have been nearly impossible to locate the witnesses and hold a revocation hearing within the remain-

---

1. The majority cannot use a double jeopardy analysis to support its holding that Petitioner's application to revoke suspended sentence should be dismissed with prejudice because double jeopardy does not attach and is not applicable to proceedings to revoke a suspended sentence. *E.g. Marutzky v. State*, 514 P.2d 430 (Okl.Cr. 1973); *Degraffenreid v. State*, 599 P.2d 1107 (Okl. Cr.1979). Moreover, Petitioner has not been 'acquitted', 'previously convicted', or 'previously punished' on the application to revoke his suspended sentence. *E.g. Marutzky*, 514 P.2d at 431.

ing twenty-four hour time period that remained in the twenty days." Majority op. at ¶ 7; Response at 4. The majority finds "[t]his suggests the State never intended to hold Petitioner's hearing within the limits of the twenty-day rule." Majority op. at ¶ 7. The majority (and the Petitioner) have carefully ignored or omitted other facts contained in the Respondent's response, and in the Docket of the District Court.

¶ 10 Petitioner's revocation hearing was originally scheduled on December 27, 2000. This suggests the State had its witnesses located for the December 27, 2000, court date, and did intend to hold Petitioner's hearing within the limits of the twenty-day rule. Petitioner's revocation hearing could not be held on December 27, 2000, because the Oklahoma County District Court was closed due to snow and inclement weather. The hearing was not re-scheduled to January 3, 2001, until December 28, 2000. It is not unfathomable to find that "it would have been nearly impossible" to re-locate and re-schedule witnesses for the revocation hearing with only two (2) business-day's notice of the change of the date of the revocation hearing.

¶ 11 It seems to me that the re-scheduling of the hearing to January 3, 2001, was a commendable attempt by the State and the District Court to still hold Petitioner's revocation hearing within the twenty day period. However, the attempt apparently could not be accomplished, and Petitioner would not cooperate by agreeing to waive the twenty day rule under the circumstances. It seems to me Petitioner is trying to take advantage of the closing of the Oklahoma County District Court to escape any and all responsibility for his probation violations. It is unfortunate the majority has allowed him to do so.

¶ 12 I am authorized to state Judge LILE joins in this dissent.