Roy C. WILLIAMS, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14323.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1967.

Roy Charles Williams, pro se.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION AND ORDER

BUSSEY, Judge:

On the 2nd day of June, 1967, Roy Charles Williams filed in this Court an application for a Writ of Habeas Corpus seeking his release from confinement in the State Penitentiary, where he is currently confined as a result of judgments and sentences rendered against him in the District Court of Oklahoma County, cases no. 26713, 27082, and 30092.

Petitioner alleges that he has satisfied the judgments and sentences rendered against him in cases no. 26712 and 27082, which were two (2)–four (4) year sentences imposed against him to run concurrently, and for which he was billed in as inmate #70131. From the records before us it appears that the petitioner served three (3) months and eight (8) days in the State Penitentiary under inmate #70131 prior to being released by the Warden in accordance with an order of this Court. It further appears that petitioner's suspended sentence in cases #26713 and 27082 was revoked on August 14, 1964, and that he was held in the Oklahoma County jail for a period of 272 days subsequent to such revocation and prior to being delivered to the State Penitentiary. It therefore appears that the petitioner is entitled to credit for the three (3) months and eight (8) days spent in confinement from the period of April 15, 1964 to July 23, 1964, and to credits for the 272 days spent in the Oklahoma County jail subsequent to the revocation of his suspended sentences in cases 26713 and 27082.

We are of the opinion that the Warden of the State Penitentiary, and the appropriate officials serving under his supervision, should enter as credits under inmate #70131, the three (3) months and eight (8) days spent in confinement in the Oklahoma State Penitentiary and the 272 days spent in the Oklahoma County jail subsequent to revocation, together with all other good time and credits earned by the petitioner while serving under inmate #70131. After having computed the credits as above set forth, together with the good time and credits due to said petitioner under #70131, the records should be corrected to reflect his discharge date under inmate #70131, and he should be rebilled under inmate #72086 (the seven year sentence imposed in case no. 30092 in the District Court of Oklahoma County). Since the petitioner has not completed the seven year sentence, he is not entitled to release at this time, nor is he entitled to credit on

said sentence for the 272 days spent in confinement in the Oklahoma County jail after the revocation of his suspended sentence in cases no. 26713 and 27082.

 Petitioner's allegation that he was denied his right to a speedy trial in case no. 30092 is not properly before us at this time for the reason that it should have been raised in the trial court, preserved in the record, and presented to this Court on appeal, for we have repeatedly held that habeas corpus is not a substitute for appeal.

It is therefore the order of this court that the Warden of the State Penitentiary, and the appropriate officials serving under his supervision, shall compute the time petitioner has served, allowing him all credits due, as hereinbefore set out.

It is so ordered.

NIX, P. J., and BRETT, J., concur.