Orville Larry KAEMPER, Petitioner,

v.

Ray H. PAGE, Warden, et al., Respondents.

No. A–14774.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Orville Larry Kaemper, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION AND ORDER

PER CURIAM:

This is an original proceeding in which Orville Larry Kaemper, presently incarcerated in the Oklahoma State Penitentiary, seeks a writ of habeas corpus alleging that he is entitled to credit of his term of imprisonment for time while his sentence was suspended and that his prison time served has been computed incorrectly.

█ We find that Petitioner is not entitled to a deduction from his imprisonment term for the time while he was at liberty on a suspended sentence, although he is entitled to credit for time spent in jail subsequent to revocation of his suspended sentence. Williams v. Page, Okl.Cr., 432 P.2d 946.

We further find there has been an apparent error in the computation of Petitioner's time served while in the penitentiary. Petitioner was convicted on a plea of guilty of the crime of robbery by fear, Case No. 20564, District Court of Tulsa County, Oklahoma, wherein he received a suspended sentence of ten years on May 25, 1964. On July 15, 1964, the suspended sentence was revoked with the last five years of the ten-year sentence suspended. Subsequently, after Petitioner had served a five-year term and had been released for the balance of his term, the remaining five-year portion of his sentence was revoked on January 27, 1967. Petitioner alleges that upon his return to the penitentiary on revocation of the remaining five-year suspended sentence, he was booked in under a new number as if he were beginning a new five-year sentence rather than the balance of a ten-year sentence.

█ Under the provisions of 57 O.S. Supp.1968, § 138, which provides for the computation of credit for good conduct as deductions from a term of imprisonment, it is apparent that there is a considerable difference in actual time served for two five-year sentences and one ten-year sentence. Accordingly, we find and the Warden of the State Penitentiary is so ad-

vised, that Petitioner, Orville Larry Kaemper, is at this time serving the balance of a ten-year sentence and that his two periods of incarceration in the State Penitentiary are under the authority of a single judgment and sentence for a ten-year term. Upon Petitioner's return to the Penitentiary on February 4, 1967, he should not have been booked in under a new number as if he were beginning a new five-year sentence and his separate periods of incarceration in the penitentiary should be computed on a single ten-year sentence basis.

Since Petitioner is not presently entitled to release his petition for writ of habeas corpus will be denied. The writ is hereby denied and the Warden of the Oklahoma State Penitentiary is ordered to correct its records accordingly.

Writ denied with instructions.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.