James Earl ROBERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-76-731.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1977.

Raymond Burger and Gary F. Duckworth, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Eric Warner, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge.

Appellant, James Earl Roberson, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Oklahoma County, Case No. CRF–70–867, to the offense of Embezzlement by a Collector, After Former Conviction of a Felony, in violation of 21 O.S.1961, § 1456. Pursuant to the conviction in said case, the defendant was sentenced to a term of five (5) years' imprisonment, with the same being suspended, on the 14th day of September, 1970. Thereafter, on the 18th day of November, 1974, the District Attorney for Oklahoma County filed an Application to Revoke Suspended Sentence alleging that the defendant did not comply with the terms thereof. Subsequently, on the 27th day of February, 1975, pursuant to a hearing upon said Application to Revoke Suspended Sentence, the District Court sustained the Application and entered the following Order:

". . . [A]nd the same is hereby REVOKED, as to the First One Year, the last Four Years to remain suspended, subject being revoked for any subsequent violation of the terms of the original order. . . ."

Defendant subsequently completed the imprisonment and was paroled. On the 11th day of March, 1976, the District Attorney of Oklahoma County filed an Application to Revoke the Suspended Sentence and on the 8th day of April, 1976, pursuant to a hearing upon said application, the District Court entered an Order Revoking Suspended Sentence, finding that the defendant had violated the terms of the sentence entered on September 14, 1970. From said Order the defendant has perfected a timely appeal to this Court.

Defendant contends that the trial court did not have the authority to revoke the suspended sentence on April 8, 1976, in that the term of the sentence entered on September 14, 1970, had already expired. We agree. The term of the sentence ended on September 14, 1975. The Order entered on

February 27, 1975, revoking the first year and leaving the remaining four (4) years suspended did not extend the term of the original sentence. Title 22 O.S.Supp.1972, § 991b, provides, in part, as follows:

" . . . The court may revoke a portion of the sentence and leave the remaining part not revoked, but suspended *for the remainder of the term* of the sentence, and under the provisions applying to it. . . ." [Emphasis added]

We thus conclude that while the trial court, during the term of the original judgment and sentence, could have revoked the suspended sentence in whole or in part, up to five years, it was without authority to order additional *suspended* time past the term of the original judgment and sentence; accordingly, we conclude the trial court was without jurisdiction to issue any order in the case after September 14, 1975.

The Order revoking the suspended sentence is *REVERSED*, and defendant is ordered released from custody of the Department of Corrections FORTHWITH, under the judgment and sentence rendered in the District Court, Oklahoma County, Case No. CRF–70–867, *if held for no other cause.*

BLISS and BRETT, JJ., concur.