**Richard Lee HARRIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**Nos. O–86–916, O–88–477.**

Court of Criminal Appeals of Oklahoma.

April 28, 1989.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard Lee Harris, entered a plea of guilty in the District Court of Oklahoma County, Case No. CRF–82–5726, to the charge of Larceny of a Retailer. He received a two (2) year deferred sentence. The deferred sentence was accelerated on April 27, 1984, to a "two (2) year suspended sentence except for the first 30 days with credit for time served." On July 26, 1985, he pled guilty in the same court, Case No. CRF–85–2852, to charges of Larceny of a Retailer. The court imposed a sentence of four (4) years to be suspended except as to the first year. On April 28, 1986, the State filed applications to revoke the suspended sentences in each of these cases on the ground that appellant had committed the crime of Larceny of a Retailer, of which he was convicted in Case No. CRF–86–1600. Separate appeals were taken from each of the suspended sentences, which have been consolidated upon appellant's motion.

Appellant challenges the district court's jurisdiction to revoke the sentence in Case No. CRF–82–5726. He claims that the State failed to file its application to revoke prior to the expiration of his sentence as required by this Court's construction of 22 O.S.1981, § 991b in *Degraffenreid v. State*, 599 P.2d 1107 (Okla.Crim. App.1979). The argument finds support in the record. Appellant received a two year

sentence with credit for time served on April 27, 1984. Jail records show that he had served thirty-seven days in jail prior to that time. Thus, his two year sentence would expire thirty-seven days before two years from the acceleration hearing. April 28, 1986, did not fall within that time period, and the State's application could not invoke the jurisdiction of the District Court.

Appellant challenges the revocation order in Case No. CRF–85–2852 because the court failed to consider alternatives to revocation and incarceration. It is well settled that the decision of the trial court to revoke a suspended sentence in whole or in part lies within the sound discretion of the trial court, and that decision will not be interfered with absent an abuse thereof. *Barthiume v. State*, 549 P.2d 366 (Okla. Crim.App.1976). Appellant has provided no authority which changes this rule where the revocation is based upon the commission of a felony. *C.f. Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) (Where a fine or restitution is imposed as a condition of probation and the *probationer fails to make payment through no fault of his own,* fundamental fairness requires the consideration of alternatives). We find no abuse of discretion in this case.

Appellant additionally asserts that the trial court should not have directed that his sentences be served consecutively. Once again, this is a matter directed to the sound discretion of the trial court, 22 O.S. Supp.1988, § 976; *Sherrick v. State*, 725 P.2d 1278 (Okla.Crim.App.1986), *cert. denied* 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed. 2d 986 (1987); and we find no abuse.

For the foregoing reasons, the order revoking suspended sentence in Oklahoma County District Court Case No. CRF–82–5726 is REVERSED and REMANDED with instructions to DISMISS. The order revoking suspended sentence in Case No. CRF–85–2852 is AFFIRMED.