Philip Wayne FRAZIER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O-85-550.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1989.

Rehearing Denied June 1, 1990.

Lee Ann Jones Peters, Chief of Appellate Div., Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Judge:

Phillip Wayne Frazier, appellant, was given a two-year deferred sentence after pleading guilty to the crime of Grand Larceny on January 14, 1981, in violation of 21 O.S.1981, § 1704 in Oklahoma County. This was later accelerated on September 2, 1982, and appellant was sentenced to two years imprisonment with the second year suspended. On November 24, 1982, pursuant to the Governor's Christmas Commutation, appellant was discharged from his one year of imprisonment. The State filed an application to revoke appellant's suspended sentence on October 24, 1983. This application was amended twice with the second amendment adding to the charges an allegation that appellant had committed the crime of Grand Larceny in Pontotoc County on April 7, 1984, in violation of the terms of his suspended sentence. This violation was the only one argued at the revocation hearing as all other allegations were dropped. On June 22, 1984, the State's application to revoke the suspended sentence was granted, and it is from this revocation that the appellant has perfected his appeal.

■ In his first assignment of error, appellant argues that the trial court erred in revoking the suspended sentence because the alleged violation upon which the revocation was based occurred after the suspended sentence had expired. We agree, and because we find this issue to be dispositive, we will not address appellant's other assignment of error.

Appellant's basic argument is that when his one year of imprisonment was commuted on November 24, 1982, the suspended portion of his sentence began to run. This, he contends, caused the expiration date of his suspended sentence to move up to November 23, 1983. It is therefore argued that although the original application to revoke was filed approximately one month before his suspended sentence was to expire, it was improper for the Court to revoke his suspended sentence solely on a violation that occurred after his suspended sentence had expired.

■ The State would have us find that the original application to revoke tolled the running of time so that the suspended sentence could not expire. It argues that "time stops" when an application to revoke is filed so that it is a legal impossibility for the suspended sentence to expire. However, the State cites no authority which supports this argument. It does cite *Degraffenreid v. State*, 599 P.2d 1107 (Okl.Cr. 1979), which holds that when an application to revoke is filed before the term of the suspended sentence has expired, the court retains its power to revoke the suspension "even though in reality the suspension may have expired." *Degraffenreid,* at 1109. Although this case allows the court to retain jurisdiction if an application is filed before the expiration of a suspended sentence, it in no way supports the State's argument that time is "tolled" so that the suspended sentence does not expire. In fact, the language used in *Degraffenreid* indicates that a suspended sentence may expire even after an application to revoke has been timely filed.

The State also urges this Court to adopt the approach taken by the Supreme Court of Washington in *State v. Hultman*, 92 Wash.2d 736, 600 P.2d 1291 (1979). In *Hultman,* the Court allowed an amended application to revoke to be filed after the probationary period had expired, where the initial application had been filed prior to the expiration of the suspended sentence. However, the additional ground for revocation in *Hultman* had *not* occurred after the expiration of the suspended sentence as it had in the present case. Therefore, we find the facts in *Hultman* to be inapposite to the facts in this case.

Even if we would agree that the State may amend its application to revoke after the sentence has expired, it would be contra to prior decisions of this Court to hold that such amendment could include violations that occurred after the sentence had expired. It is the continued holding of this Court that, "a sentence suspended in whole or in part imposes the inherent condition that the defendant should not commit any felony *during the period of that sentence.*" *Crowels v. State*, 675 P.2d 451, 453 (Okl.Cr.1984). Because we find that the revocation of appellant's suspended sentence was based upon an act committed after his suspended sentence had expired, we must REVERSE this case with instructions to DISMISS.

PARKS, P.J., LANE, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.