1998 OK CR 7

**James HEMPHILL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O–96–910.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1998.

Thomas H. May, Miami, for Defendant at trial.

Eddie Wyant, Assistant District Attorney, Miami, for the State at trial.

Thomas Purcell, Oklahoma Indigent Defense System, Norman, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Elaine K. Sanders (on brief), Kate Hodgins (at oral argument), Assistant Attorneys General, Oklahoma City, for Appellee on appeal.

### ACCELERATED DOCKET ORDER

¶ 1 The above-named Appellant, James Hemphill, appeals from a May 17, 1996 Order in the District Court of Ottawa County revoking his suspended sentence in Case No. CF–90–294. His appeal was regularly assigned to this Court's Accelerated Docket under Section XI, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1997). Oral argument was held on September 11, 1997, and the Court duly considered Appellant's one proposition of error raised upon appeal:

*Proposition*

Because it appears that Mr. Hemphill served his one year sentence in less than seven months, the expiration date of his sentence was advanced by five months; therefore the motion to revoke was filed after the sentence had run, and Mr. Hemphill should be released from custody.

¶ 2 After hearing oral argument and after a thorough consideration of Appellant's proposition of error and the entire record before us on appeal, by a vote of four (4) to one (1), we affirm. Because Appellant's circumstances present a situation not specifically addressed by any previously published opinion of this Court, the basis for the Court's decision in this appeal warrants further discussion.

¶ 3 A sentence which has been entered and ordered suspended by a district court may not be revoked "for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney." 22 O.S.Supp.1996, § 991b. Such a petition must be filed prior to the expiration of the suspended sentence, otherwise the district court's power and authority to revoke the suspension terminates. *Degraffenreid v. State,* 599 P.2d 1107, 1109 (Okl.Cr.1979). Appellant's single claim of error is that the District Court's revocation order was unlawful because the State's petition to revoke was filed after the period of suspension had expired.

¶ 4 The factual foundation for Appellant's claim lies within the course of events which preceded the District Court's May 17, 1996 revocation order. It begins with the five-year suspended sentence Appellant received on May 22, 1991, following an agreed plea of guilty to the offense of Injury of a Minor Child (Child Beating), After Former Conviction of a Felony. On October 7, 1992, following revocation proceedings, the District Court entered an order which revoked one year of this five-year suspended sentence. Appellant was ordered to serve this one-year term in the custody of the Department of

Corrections (DOC). On February 13, 1996, the State filed in the trial court a "Motion to Revoke Suspended Judgment and Sentence" which requested revocation of the remaining balance of Appellant's original May 22, 1991 five-year suspended sentence. It is this February 13, 1996 Motion to Revoke upon which the District Court's authority to issue its May 17, 1996 revocation order is founded.

¶5 Appellant challenges the District Court's jurisdiction on the premise he was able to discharge in approximately seven months the one year DOC term handed him on October 7, 1992. For this reason, he believes his May 22, 1991, five-year suspended sentence expired and the jurisdiction of the trial court lapsed before the State filed its February 13, 1996 Motion to Revoke. Under Appellant's theory, because he is credited by DOC for one calendar year's service for the seven-month period he spent in prison, his overall sentence should likewise be credited for one calendar year's service which would thereby shorten the calendar length of Appellant's five-year sentence by five months.[1] Consequently, Appellant concludes his original five-year sentence legally expired five months before May 22, 1996 (the five-year anniversary of his May 22, 1991 guilty plea, judgment, and sentence). If this is indeed the legal effect of Appellant's early discharge from DOC custody, the State's February 13, 1996 application to revoke would have been too late to have vested the trial court with authority to revoke.

¶6 Whether Appellant served his one-year term from his first revocation proceeding in less than twelve months does not have any consequence upon the length of time within which the State had to file its motion to revoke Appellant's suspended sentence. Our state's sentencing statutes contemplate that when a defendant is sentenced he receives only one sentence, not multiple ones. The suspension order is not a separate sentence but is instead a condition placed upon the execution of the sentence. See 22 O.S.Supp.1996, § 991a(A)(1) (a dis-trict court may "[s]uspend the execution of sentence in whole or in part, with or without probation"). The statutory procedure for revoking a suspended sentence is consistent with this concept. "The court may revoke a portion of the sentence and leave the remaining part not revoked, but suspended for the remainder of the term of the sentence, and under the provisions applying to it." 22 O.S. Supp. 1996, § 991b.[2] This statute provides a dis-trict court, by its partial revocation, is merely taking away a portion of the suspended term, leaving any remaining portion of the time suspended intact "under the provisions applying to it."

¶7 This is consistent with this Court's previous decisions. In *Kaemper v. Page*, 449 P.2d 732 (Okl.Cr.1969), a defendant received a ten-year suspended sentence. Subsequently, five years of the defendant's suspended sentence were revoked. After his release from prison on the first five-year term, a second revocation returned the defendant to prison to serve the remaining five years. In a dispute with prison officials wherein defendant complained he was being processed as though he had been given two separate five-year sentences, the Court held defendant was "serving the balance of a ten-year sentence and that his two periods of incarceration in the State Penitentiary are under the authority of a single judgment and sentence for a ten-year term." *Id.* at 733.

¶8 In *Roberson v. State*, 560 P.2d 1039 (Okl.Cr.1977), the defendant received a five-year suspended sentence on September 14, 1970. On February 27, 1975, the trial court entered a revocation order stating "the same is hereby REVOKED, as to the First One

---

1. The record presented on appeal does not clearly demonstrate the precise length of time in which Appellant was able to serve his one-year term. In reaching its decision, the Court assumes for the sake of argument that Appellant was discharged from DOC after a period of seven months as having completely served his one year. No specific finding as to the actual length of time served by Appellant is being made by the Court in this Opinion.

2. The quoted text from these sentencing statutes can also be found within the predecessor sentencing statutes which were in effect at the time of Appellant's May 21, 1991 suspended sentencing and in effect at the time of Appellant's September 21, 1990 Injury to Minor Child offense. *See* 22 O.S.Supp.1990, § 991a; 22 O.S.1981, § 991b.

Year, the last Four Years to remain suspended, subject [to] being revoked for any subsequent violation of the terms of the original order." *Id.* at 1039. After defendant's release, the State, on March, 11, 1976, filed an application to revoke defendant's suspended sentence. In reversing the revocation order which sustained the State's application, the Court held:

We thus conclude that while the trial court, during the term of the original judgment and sentence, could have revoked the suspended sentence in whole or in part, up to five years, it was without authority to order additional *suspended* time past the term of the original judgment and sentence; accordingly, we conclude the trial court was without jurisdiction to issue any order in the case after September 14, 1975.

*Id.* at 1040 (italics in original).

¶ 9 Just as a defendant's suspended sentence may not be lengthened by intervening revocation orders occurring within the original term of sentence, a suspended sentence may not be shortened by intervening revocations. So long as there remains an unrevoked portion of the suspended sentence, the district court's power and authority to revoke all or part of it does not end until the expiration of the original term of sentence. The original term of sentence is that which is set by the district court at the time the order suspending was first entered.

¶ 10 In this appeal, Appellant relies upon this Court's decisions in *Frazier v. State*, 793 P.2d 1365 (Okl.Cr.1989), and *Harris v. State*, 772 P.2d 1329 (Okl.Cr.1989). Each of these cases are distinguishable from the circumstances in Appellant's case. In *Frazier*, the defendant's period of incarceration was cut short by a Governor's Christmas Commutation. *Frazier*, 793 P.2d at 1365. This caused the Court to agree with defendant's argument that when his term of imprisonment was commuted "the suspended portion of his sentence began to run" which in turn "caused the expiration date of his suspended sentence to move up." *Id.* at 1366.

¶ 11 A governor's commutation of sentence presents a different situation than that occurring in Appellant's case. The Constitution specifically grants the Governor, upon recommendation of the Pardon and Parole Board, the power to grant commutations of sentences entered by courts of this state. Okla. Const. art. VI, § 10. *See also* 57 O.S. 1991, § 332 ("[t]he Governor shall have power to grant, after conviction, reprieves, commutations, paroles and pardons"). The legal effect of a commuted sentence is found in *Ex parte Warren*, 39 Okl.Cr. 348, 265 P. 656 (1928).

"It is well settled that a commutation of a sentence is a substitution of a less for a greater punishment. After commutation the commuted sentence is the only one in existence, and the only one to be considered. After commutation, the sentence has the same legal effect, and the status of the prisoner is the same, as though the sentence had originally been for the commuted term."

*Warren*, 39 Okl.Cr. at 353, 265 P. at 657 (citation omitted) (quoting *State ex rel. Murphy v. Wolfer*, 127 Minn. 102, 148 N.W. 896 (1914)); *accord Ex parte Denton*, 69 Okl.Cr. 204, 208, 101 P.2d 276, 278 (1940). The calculations by DOC of when a defendant has earned credits sufficient to discharge a term of incarceration do not carry the same legal effect as commutation. For this reason, DOC sentence calculations do not result in modification of the length of time a district court has fixed for the expiration of a defendant's suspended sentence.

¶ 12 In *Harris*, the defendant was given a two-year sentence with all but the first thirty days suspended. Additionally, the district court gave defendant credit for all time served. Due to this circumstance, it was held defendant's sentence had been shortened by the number of days defendant had been in jail prior to sentencing. *Harris*, 772 P.2d at 1330–31. In the case at hand, there is no record that Appellant, when he received his suspended sentence in May of 1991, was allowed by the sentencing court any credit towards his sentence for any time which he may have served prior to sentencing. For this reason, *Harris* presents circumstances which distinguish it from Appellant's matter.

¶ 13 IT IS THEREFORE THE ORDER OF THIS COURT that the May 17,

1996 Order of the District Court of Ottawa County in Case No. CF–90–294 revoking Appellant's suspended sentence, should be, and hereby is, AFFIRMED.

IT IS SO ORDERED.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

LANE, Judge, dissents:

¶ 1 I dissent. Appellant was originally sentenced to serve five years in the custody of the Department of Corrections, suspended. During the time that he was serving that sentence the trial court revoked one year. He served the one year of custody in less than 12 months and was released from the custodial portion of his sentence by the Department. Therefore, he served and was given credit for one year in custody, and his sentence expired when he completed four years under suspension. To hold otherwise would mean that he served longer than the five years ordered by the court.

¶ 2 I disagree with the majority when it distinguishes this case from *Frazier v. State,* 793 P.2d 1365 (Okl.Cr.1989). In *Frazier,* the sentence was shortened by a governor's commutation. In the instant case the sentence was shortened by the legal policies of the Department of Corrections. The cause of the shortening of the confinement period of the sentences in this case and *Frazier* may be different, but the fact is not disputed that it was shortened in each case.