FILED
United States Court of Appeals
Tenth Circuit

January 11, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

KENNETH LEE JOHNSTON,

      Petitioner–Appellant,

v.

JUSTIN JONES, Director,

      Respondent–Appellee.

No. 11-6265

(D.C. No. 11-CV-00050-HE)

(W.D. Oklahoma)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2241 habeas petition. Petitioner was convicted of burglary in the second degree and sentenced to a twenty-year split sentence with ten years suspended. He began serving the incarceration portion in March 2004 and completed this portion in June 2008 due to good-time credits. The expiration date of Petitioner's sentence remains as December 1, 2023 (calculated from the sentencing date of December 2, 2003, plus

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the length of the twenty-year sentence minus one day).  Petitioner filed this habeas petition arguing that his overall sentence should be reduced according to the credits applied to his period of incarceration.  The magistrate judge recommended dismissal of Petitioner's claims, and, after conducting a de novo review, the district court agreed with the magistrate judge that Petitioner was asserting a state law claim and not a violation of a federal constitutional right.  The district court therefore dismissed Petitioner's claims and denied a certificate of appealability.

To appeal the denial of his habeas petition, Petitioner must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1); *Montez v. McKenna*, 208 F.3d 862, 869 (10th Cir. 2000).  We cannot issue a COA unless the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  We agree with the district court that Petitioner has not identified a violation of any federal constitutional right.  Oklahoma courts have rejected Petitioner's argument that the Department of Corrections' application of good-time credits should reduce his overall sentence.  *See Hemphill v. State*, 954 P.2d 148, 151 (Okla. Crim. App. 1998) ("[Department of Corrections] sentence calculations do not result in modification of the length of time a district court has fixed for the expiration of a defendant's suspended sentence.").  "A state court's interpretation of its own law is binding on a federal court conducting habeas review."  *House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir. 2008).

The district court appropriately applied this principle. After carefully reviewing Petitioner's brief and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge