BRYANT v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BRYANT v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BRYANT v. STATE
2022 OK CR 5
Case Number: RE-2019-885
Decided: 02/10/2022
EDDIE LABRON BRYANT, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2022 OK CR 5, __ __

 

O P I N I O N
LUMPKIN, JUDGE:
¶1 On April 30, 2010, Appellant, Eddie Labron Bryant, pled guilty as a Youthful Offender to one count of Robbery with a Firearm in Oklahoma County Case No. CF-2010-0001. Appellant received a Youthful Offender sentence of eight (8) years in the custody and under the supervision of the Oklahoma Office of Juvenile Affairs (OJA). On October 5, 2011, the State filed a motion to enter a judgment of guilt and transfer Appellant to the custody of the Oklahoma Department of Corrections (DOC). On November 18, 2011, the trial court entered a judgment of guilt and transferred Appellant to DOC custody for a term of eight (8) years, five (5) suspended, and was given credit for his time served while in OJA custody.
¶2 On February 25, 2019, the State filed an Application to Revoke Appellant's suspended sentence alleging he violated his probation by committing new criminal offenses.
[1] On December 2, 2019, at the conclusion of a revocation hearing, the District Court of Oklahoma County, the Honorable Natalie Mai, District Judge, granted the State's application and revoked Appellant's suspended sentence in full. From this judgment and sentence, Appellant appeals, raising the following propositions of error:
1. The trial court lacked jurisdiction to revoke appellant's suspended sentence as the State filed its application after the legal portion of the sentence had expired; and
2. The in-court testimony and identification of the appellant was tainted and unreliable and should not be a part of the basis for revocation.
The revocation of Appellant's suspended sentence is AFFIRMED.
¶3 The State must file an application to revoke prior to the expiration of a defendant's suspended sentence. 22 O.S.Supp.2018, § 991b; Hemphill v. State, 1998 OK CR 7, ¶ 3, 954 P.2d 148, 149. As we stated in Hemphill,
Our state's sentencing statutes contemplate that when a defendant is sentenced he receives only one sentence, not multiple ones. The suspension order is not a separate sentence but is instead a condition placed upon the execution of the sentence. 
Id. ¶ 6, 954 P.2d at 150 (emphasis added). Appellant alleges that his sentence was imposed on April 30, 2010, the date he received his Youthful Offender sentence; therefore, his sentence expired at midnight April 29, 2018. We disagree.
¶4 Youthful Offender proceedings are designed as a method by which youths deemed amenable to rehabilitation by courts are held accountable for their crimes, but who, if they are able to successfully complete their rehabilitation programs, can have their cases dismissed without a judgment of guilt. 10A O.S.2011, § 2-5-210(B)(1). If a youth is unsuccessful, the State may seek to have him transferred to DOC custody in which case the order transferring him is deemed an adult conviction and recorded as such. 10A O.S.2011, § 2-5-210(B)(5) and (C).
¶5 In this case, at age 16, Appellant pled guilty as a Youthful Offender pursuant to a plea agreement with the State on April 30, 2010, was placed in OJA custody and given a rehabilitation plan to work. The Youthful Offender sentence agreed to and ordered was eight (8) years. On October 5, 2011, three days before Appellant turned 18, based upon the fact that Appellant had caused disruption in his OJA facility and established a pattern of disruptive behavior not conducive to the practices and procedures of the OJA program, the State filed a motion to transfer him to DOC custody. On November 18, 2011, after a hearing on the State's motion, the trial court granted the State's motion.
¶6 That same day the court entered Judgment and Sentence against Appellant for the crime of robbery with a firearm, sentencing him to eight (8) years in DOC custody with all but the first three (3) suspended. He received credit for the time served in OJA custody.
¶7 Once custody is transferred from OJA to DOC, the resulting judgment and sentence becomes a conviction and the sentence an adult sentence. 10A O.S.2011, § 2-5-202(A)(2); 10A O.S.2011, §2-5-210(C). The entry of the judgment and sentence is necessary for transferring the offender's custody from OJA to DOC. See 22 O.S.2011, § 980. The entry of a sentencing order as a Youthful Offender is not a final conviction. It is an order for a conditional sentence. See 10A § 2-5-209(B)(1). The actual sentence is assessed when the offender is transferred to DOC custody and a judgment and sentence is entered.[2] If the offender is not transferred to DOC custody, no judgment and sentence is entered and the case is dismissed without a judgment of guilt. See 10A O.S.2011, § 2-5-210(B)(1).
¶8 In this case, Appellant was convicted and received an eight (8) year sentence on November 18, 2011, the date the trial court transferred him to DOC custody and entered judgment and sentence against him. Appellant's sentence would not have expired until November 18, 2019. Therefore, the State's application to revoke was timely filed on February 25, 2019. Proposition One is denied.
¶9 We also find no merit in Proposition Two that witness Hobson's in-court identification was unreliable and was prompted by the district attorney. We review this claim for plain error, and find none. Simpson v. State, 1994 OK CR 40¶ 2, 876 P.2d 690, 693. To prevail on a plain error claim, Appellant must show an actual error, which is plain or obvious, that affects a substantial right. Bench v. State, 2018 OK CR 31, ¶ 22, 431 P.3d 929, 945. Nothing in this record supports a finding that Hobson's identification was tainted by the State's questions. Even Appellant admits that there was no tainting of the identification by pre-trial confrontation by law enforcement; rather his claim is that the way the State questioned Hobson prompted his identification of Appellant. Proposition Two is denied.
DECISION
¶10 The revocation of Appellant's suspended sentence in Oklahoma County Case No. CF-2010-0001 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY THE HONORABLE NATALIE MAI, DISTRICT JUDGE






APPEARANCES AT TRIAL

APPEARANCES ON APPEAL







BAILEY DAUGHERTY
ASST. PUBLIC DEFENDER
320 ROBERT S. KERR
SUITE 611
OKLAHOMA CITY, OK 73102
COUNSEL FOR DEFENDANT

HOWARD T. MORROW
ASST. PUBLIC DEFENDER
320 S. ROBERT S. KERR
SUITE 400
OKLAHOMA CITY, OK 73102
COUNSEL FOR APPELLANT







COLLEEN GALAVIZ
ASST. DISTRICT ATTORNEY
OKLAHOMA COUNTY
320 ROBERT S. KERR
OKLAHOMA CITY, OK 73102
COUNSEL FOR THE STATE

MIKE HUNTER
ATTORNEY GENERAL
HANNAH WHITE
ASST. ATTORNEY GENERAL
313 NE 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE 


OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Dissent
FOOTNOTES
[1] Bryant was charged with Count 1, Robbery with a Firearm and Count 2, Possession of a Firearm as alleged in Oklahoma County Case No. CF-2017-3024. He was also charged with Count 1, Possession of a Firearm and Count 2, Concealing Stolen Property as alleged in Oklahoma County Case No. CF-2017-3515. Bryant was subsequently convicted of these offenses and is currently incarcerated.
[2] The State erroneously refers to this sentence as a "new" sentence. As clearly shown in the record and statutes and discussion above, this is the sentence Appellant agreed to when he entered his guilty plea as a Youthful Offender, understanding that if he was unsuccessful in completing his rehabilitation plan, the trial court could transfer him to DOC custody, resulting in an adult conviction and sentence of eight (8) years.




LEWIS, JUDGE, DISSENTING:
¶1 My reading of the statute is that the law contemplates a transfer of supervision from the Office of Juvenile Affairs to the Department of Corrections when a defendant fails the Youthful Offender program. The original Youthful Offender sentence merely transfers to the Department of Corrections; the sentence does not begin again.
¶2 The sentence in this case, therefore, expired before the State filed its motion to revoke. This case must be dismissed.





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 2018 OK CR 31, 431 P.3d 929, BENCH v. STATE
Discussed
 1998 OK CR 7, 954 P.2d 148, 69 OBJ 592, Hemphill v. State
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 980, Duty of Sheriff When Defendant Sentenced to State Prison
Cited
 22 O.S. 991b, Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA