BRYANT v. STATE
2022 OK CR 5
Case Number: RE-2019-885
Decided: 02/10/2022
EDDIE LABRON BRYANT, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 5, __ __

 

 

O P I N I O N

LUMPKIN, JUDGE:

¶1 On April 30, 2010, Appellant, Eddie Labron Bryant, pled guilty as a Youthful Offender to one count of Robbery with a Firearm in Oklahoma County Case No. CF-2010-0001. Appellant received a Youthful Offender sentence of eight (8) years in the custody and under the supervision of the Oklahoma Office of Juvenile Affairs (OJA). On October 5, 2011, the State filed a motion to enter a judgment of guilt and transfer Appellant to the custody of the Oklahoma Department of Corrections (DOC). On November 18, 2011, the trial court entered a judgment of guilt and transferred Appellant to DOC custody for a term of eight (8) years, five (5) suspended, and was given credit for his time served while in OJA custody.

¶2 On February 25, 2019, the State filed an Application to Revoke Appellant's suspended sentence alleging he violated his probation by committing new criminal offenses.

1. The trial court lacked jurisdiction to revoke appellant's suspended sentence as the State filed its application after the legal portion of the sentence had expired; and

2. The in-court testimony and identification of the appellant was tainted and unreliable and should not be a part of the basis for revocation.

The revocation of Appellant's suspended sentence is AFFIRMED.

¶3 The State must file an application to revoke prior to the expiration of a defendant's suspended sentence. 22 O.S.Supp.2018, § 991bHemphill v. State, 1998 OK CR 7954 P.2d 148Hemphill,

Our state's sentencing statutes contemplate that when a defendant is sentenced he receives only one sentence, not multiple ones. The suspension order is not a separate sentence but is instead a condition placed upon the execution of the sentence.

Id. ¶ 6, 954 P.2d at 150 (emphasis added). Appellant alleges that his sentence was imposed on April 30, 2010, the date he received his Youthful Offender sentence; therefore, his sentence expired at midnight April 29, 2018. We disagree.

¶4 Youthful Offender proceedings are designed as a method by which youths deemed amenable to rehabilitation by courts are held accountable for their crimes, but who, if they are able to successfully complete their rehabilitation programs, can have their cases dismissed without a judgment of guilt. 10A O.S.2011, § 2-5-210(B)(1). If a youth is unsuccessful, the State may seek to have him transferred to DOC custody in which case the order transferring him is deemed an adult conviction and recorded as such. 10A O.S.2011, § 2-5-210(B)(5) and (C).

¶5 In this case, at age 16, Appellant pled guilty as a Youthful Offender pursuant to a plea agreement with the State on April 30, 2010, was placed in OJA custody and given a rehabilitation plan to work. The Youthful Offender sentence agreed to and ordered was eight (8) years. On October 5, 2011, three days before Appellant turned 18, based upon the fact that Appellant had caused disruption in his OJA facility and established a pattern of disruptive behavior not conducive to the practices and procedures of the OJA program, the State filed a motion to transfer him to DOC custody. On November 18, 2011, after a hearing on the State's motion, the trial court granted the State's motion.

¶6 That same day the court entered Judgment and Sentence against Appellant for the crime of robbery with a firearm, sentencing him to eight (8) years in DOC custody with all but the first three (3) suspended. He received credit for the time served in OJA custody.

¶7 Once custody is transferred from OJA to DOC, the resulting judgment and sentence becomes a conviction and the sentence an adult sentence. 10A O.S.2011, § 2-5-202(A)(2); 10A O.S.2011, §2-5-210(C). The entry of the judgment and sentence is necessary for transferring the offender's custody from OJA to DOC. See 22 O.S.2011, § 980See 10A § 2-5-209(B)(1). The actual sentence is assessed when the offender is transferred to DOC custody and a judgment and sentence is entered.See 10A O.S.2011, § 2-5-210(B)(1).

¶8 In this case, Appellant was convicted and received an eight (8) year sentence on November 18, 2011, the date the trial court transferred him to DOC custody and entered judgment and sentence against him. Appellant's sentence would not have expired until November 18, 2019. Therefore, the State's application to revoke was timely filed on February 25, 2019. Proposition One is denied.

¶9 We also find no merit in Proposition Two that witness Hobson's in-court identification was unreliable and was prompted by the district attorney. We review this claim for plain error, and find none. Simpson v. State, 1994 OK CR 40876 P.2d 690Bench v. State, 2018 OK CR 31431 P.3d 929

DECISION

¶10 The revocation of Appellant's suspended sentence in Oklahoma County Case No. CF-2010-0001 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF 
OKLAHOMA COUNTY THE HONORABLE NATALIE MAI, 
DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
  
 
 
  
 
 
 
 
 BAILEY DAUGHERTY
 ASST. PUBLIC DEFENDER
 320 ROBERT S. KERR
 SUITE 611
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT
 
 
 HOWARD T. MORROW
 ASST. PUBLIC DEFENDER
 320 S. ROBERT S. KERR
 SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR APPELLANT
 
 
 
 
  
 
 
  
 
 
 
 
 COLLEEN GALAVIZ
 ASST. DISTRICT ATTORNEY
 OKLAHOMA COUNTY
 320 ROBERT S. KERR
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 HANNAH WHITE
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Dissent

FOOTNOTES

 

 

LEWIS, JUDGE, DISSENTING:

¶1 My reading of the statute is that the law contemplates a transfer of supervision from the Office of Juvenile Affairs to the Department of Corrections when a defendant fails the Youthful Offender program. The original Youthful Offender sentence merely transfers to the Department of Corrections; the sentence does not begin again.

¶2 The sentence in this case, therefore, expired before the State filed its motion to revoke. This case must be dismissed.