COTTON v. STATE
2024 OK CR 21
Case Number: RE-2023-454
Decided: 08/01/2024
DARNELL KEHAULANI COTTON, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 21, __ __

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Darnell Kehaulani Cotton, appeals from the revocation of her suspended sentence by the Honorable Grant Sheperd, District Judge, in the District Court of Comanche County, Case No. CF-2017-589.

¶2 On December 18, 2018, Appellant entered a plea of guilty to Unlawful Possession of Controlled Drug with Intent to Distribute (63 O.S.Supp.2012, § 2-40121 O.S.Supp.2014, § 843.563 O.S.2011, § 2-405

¶3 On March 14, 2023, the State filed a Motion to Revoke Suspended Sentence alleging Appellant committed the new crime of Assault and Battery with a Dangerous Weapon as alleged in Comanche County District Court Case No. CF-2023-159. Following a May 12, 2023, hearing Judge Sheperd sustained the State's motion and revoked five years of Appellant's suspended sentence, leaving a remaining sentence of five years and resuspending those five years, with credit for time served.

¶4 From this revocation, Appellant appeals, raising the following propositions of error:

I. The decision to revoke Ms. Cotton's suspended sentence was based exclusively on incompetent evidence admitted in violation of her due process right to confront the witnesses against her;

II. The trial court's order revoking Ms. Cotton's suspended sentence must be vacated because it is void of competent proof showing, by preponderance of the evidence, she violated the terms of her probation by committing a new offense; and

III. The trial court has illegally extended Ms. Cotton's original sentence by requiring five years of the ten year suspended sentence to be "resuspended" upon her release from the Department of Corrections.

ANALYSIS

¶5 In Proposition I, Appellant claims the revocation of her suspended sentence is based exclusively on hearsay evidence and was admitted in violation of her due process right to confront the witnesses against her. Appellant objected on the grounds of hearsay and confrontation at the revocation hearing thereby preserving review of this issue for an abuse of discretion. See Hampton v. State, 2009 OK CR 4203 P.3d 179

¶6 Appellant's claim that she was revoked exclusively on hearsay evidence is unsupported by the record. In an order, contained in the official record, dated May 12, 2023, Judge Sheperd wrote "[t]he court based its finding on the defendant's jail phone calls, the defendant's interview [with police] and defendant's testimony [at the revocation hearing]." Even assuming the trial court relied on hearsay evidence to reach its decision to revoke Appellant's suspended sentence there is no abuse of discretion. An "abuse of discretion" is a clearly erroneous conclusion and judgment, one clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7274 P.3d 161

¶7 "The full panoply of rights due a defendant in a criminal trial prosecution does not apply to parole and probation revocations." Wortham v. State, 2008 OK CR 18188 P.3d 201Morrissey v. Brewer, 408 U.S. 472, 480 (1972) and Gilbert v. State, OK CR 283, ¶ 9, 765 P.2d 807See id. (quoting Gilbert, 1988 OK CR 283Id. Accordingly, we have held that the due process confrontation requirement applicable to revocation matters will generally be satisfied when a trial court determines that proffered hearsay bears substantial guarantees of trustworthiness or otherwise has sufficient indicia of reliability. See Hampton, 2009 OK CR 4

¶8 Appellant argues the State failed to meet this Hampton standard because the hearsay evidence did not bear substantial guarantees of trustworthiness. She maintains the testimony of the detective regarding statements made by a third-party witness, the victim, and the defendant are hearsay and the trial court erred in relying on them. We disagree.

¶9 The hearsay admitted at the revocation hearing was corroborated by non-hearsay evidence, specifically photographs. The detective testified that a third-party witness told him he saw the victim bleeding at the door of the Appellant's apartment. He also told the detective he heard the victim say the Appellant stabbed him and witnessed Appellant pull the victim back into the apartment. Photographs of the victim's injuries were admitted at the revocation hearing. One picture showed the victim in the back of an ambulance with blood on the right side of his pants and boot. Another picture showed the victim at the hospital with a stab wound to the right leg after receiving stitches. Another picture showed blood on the steps of Appellant's apartment just inside the front door where the third-party witness saw the victim being pulled into the apartment by Appellant. Based on this the hearsay statements bore substantial guarantees of trustworthiness and it was not an abuse of discretion for the trial court to consider them.

¶10 Appellant made incriminating statements in an interview with police, during jail phone calls, and at the revocation hearing. Any statements she made are admissible as an exception to the hearsay rule as a statement against interest. 12 O.S.Supp.2014, § 2804See Hampton, 2009 OK CR 4

¶11 The hearsay evidence offered by the State bears substantial guarantees of trustworthiness and was properly admitted and relied upon by the trial court. Furthermore, most of the evidence relied upon by the trial court in support of revocation came from statements made by the Appellant. The Appellant has failed to establish an abuse of discretion. Proposition I is denied.

¶12 In Proposition II Appellant asserts the State failed to prove by a preponderance of the evidence two elements of assault and battery with a dangerous weapon. The decision to revoke a suspended sentence in whole or in part is within the sound discretion of the trial court and such decision will not be disturbed absent an abuse thereof. Jones v. State, 1988 OK CR 20749 P.2d 563Tilden v. State, 2013 OK CR 10306 P.3d 554Hammon v. State, 2000 OK CR 7999 P.2d 1082

¶13 The record shows the State presented sufficient evidence for the trial court to find by a preponderance of the evidence Appellant committed the new crime of assault and battery with a dangerous weapon. "Where the evidence tends in any degree to support the action of the trial court in revoking a suspended sentence, the trial court's ruling should not be disturbed. Gibson v. State, 1975 OK CR 40532 P.2d 853Smith v. State, 1984 OK CR 15674 P.2d 569Coddington v. State, 2006 OK CR 34142 P.3d 437Robinson v. State, 1995 OK CR 25900 P.2d 389Long v. State, 2003 OK CR 1474 P.3d 105

¶14 The trial court in this case partially revoked a portion of Appellant's ten year suspended sentence upon finding the Appellant violated her probation. The trial court is vested with the discretion to revoke a portion of the sentence and leave the remaining part not revoked but suspended for the remainder of the term of the sentence and under the provisions applying to it. 22 O.S.Supp.2019, § 991bRoberson v. State, 1977 OK CR 74560 P.2d 1039

¶15 The trial court's revocation order "re-suspending" five years of Appellant's sentence upon completion of serving five years in custody would result in an impermissible extension of Appellant's original sentence. It should be noted that the trial court retains the power and authority to revoke Appellant in whole or in part for the remaining five years left unrevoked by the trial court's revocation order until the expiration of the original term of sentence. Hemphill v. State, 1998 OK CR 7954 P.2d 148

DECISION

¶16 The revocation of Appellant's suspended sentence in Comanche County District Court Case No. CF-2017-589 is AFFIRMED, but the matter is REMANDED to the District Court for modification of the revocation order to VACATE the imposition of a five year resuspended sentence and impose the remaining balance of the Appellant's sentence as ordered at the original sentencing. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF

COMANCHE COUNTY, THE HONORABLE GRANT SHEPERD,

DISTRICT JUDGE

APPEARANCES AT REVOCATION

LARRY MONARD

INDIGENT DEFENSE SERVICES

1318 SW LEE BLVD.

LAWTON, OK 73501

COUNSEL FOR DEFENDANT

MADELINE VASQUEZ

ASST. DISTRICT ATTORNEY

315 SW 5TH STREET

LAWTON, OK 73501

COUNSEL FOR STATE

APPEARANCES ON APPEAL

ARIEL PARRY

APPELLATE DEFENSE COUNSEL

111 N. PETERS AVE. STE 100

NORMAN, OK 73069

COUNSEL FOR APPELLANT

GENTNER F. DRUMMOND

OKLA. ATTORNEY GENERAL

CAROLINE E.J. HUNT

ASST. ATTORNEY GENERAL

313 N.E. 21st ST.

OKLAHOMA CITY, OK 73105

COUNSEL FOR APPELLEE

 

OPINION BY: MUSSEMAN, V.P.J.

ROWLAND, P.J.: Concur

LUMPKIN, J.: Specially Concur

LEWIS, J.: Concur

HUDSON, J.: Concur

 

 

LUMPKIN, JUDGE: SPECIAL CONCUR

¶1 I agree with the court's application of established precedent in this case and write to point out this opinion creates no new law. The opinion merely restates past precedent and publishes just to remind the bench and bar what that precedent says. That reminder would not be necessary if this court would regularly cite to the base case establishing a principle of law rather than regularly just citing to the last case that applied that principle of law. While I realize this has been the practice of the court for an extended period of time and is not incorrect, the following analysis proposes a more open and clearer guide for a reader to find the base case applying the legal principle.

¶2 When the court cites to the last case that applies a principle of law it is in reality only citing to the case results in a case that did apply the principle of law. The better practice is to consistently cite to the base case establishing a principle of law. That practice would with each opinion focus the reader back to the analysis that created the principle of law rather than just referring a reader to the last case applying the principle and then requiring the reader to find the base case in order to understand the analysis that created it. In addition, over time writers of opinions tend to paraphrase the analysis of the original case and thus over time can have the result of changing the original analysis and reason for the principle. While constantly repeating the same language might be tedious to the writer it preserves the original analysis and reason for the principle.

¶3 For example, in dealing with the review for sufficiency of the evidence we should always cite to Jackson v. Virginia 443 U.S. 307 (1979) and Spuehler v. State 1985 OK CR 132709 P.2d 202Jackson v. Virginia) as base cases for the standard of reviewing sufficiency of the evidence and not Smith or Jones v. State because that was the last case that applied that principle. And if the court desires to show the principle is still being applied a cite to the last case applying it could be added as a "see also," or cite the base case in parentheses stating the cited case is applying the base case and cite that case.

¶4 This opinion seems to mix the manner of citation to authority from citing to the base case, as in Hampton, to cases which are just the most recent example of the principle being applied. It could be that merely citing to the last case in which legal principle is applied is sufficient for cases not being published, but for published cases a more correct complete citation to originating authority of a legal principle should be used.

¶5 It appears that for too long this court has not been citing to the base case in most instances but to the last case that applied the principle. This practice does not allow a reader to go directly to the original case adopting a legal principle but requires the reader to perform a genealogical history research to determine what the analysis and legal basis was to adopt the application of the legal principle. This process leads a reader to cases applying the principle but does not tell the reader how the principle was formulated. Thus, not correctly giving the legal reason for the ruling in the case being appealed. I would urge the court to establish a uniform practice of citing only the foundational case for a legal principle rather than merely citing to cases applying that principle.

¶6 While this writing may seem to get down in the weeds as to citation and application of legal principles, I believe courts should always be uniform and consistent in the application of legal principles and disclosing of where and how those legal principles came into existence. Since this case sets forth no new legal principles and merely repeats the application of past precedent, thus no real reason to publish, it seemed the proper forum to raise these issues to assist in the preservation of the root cases that do in fact set forth new principles of law. Regardless of the fact there is no current citation authority requiring this method of citation, in addition to the court's past history of citing in this manner, it is always best to seek improvements in the way the law is referenced to ensure correct consistent application of the original analysis of the legal principle applied in a case.

FOOTNOTES

Hampton v. State 2009 OK CR 4203 P.3d 179Hampton.

 

 

<!--END DOCUMENT-->