MARTIN v. STATE
2024 OK CR 30
Case Number: RE-2023-909
Decided: 10/31/2024
JASON MARTIN, JR., Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2024 OK CR 30, __ __

 

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Jason Martin Jr., appeals from the revocation of his suspended sentence in Comanche County District Court Case No. CF-2016-721. On June 9, 2017, Appellant pleaded guilty to Assault and Battery with a Deadly Weapon (21 O.S.2011, § 64521 O.S.Supp.2014, § 1283

¶2 On July 8, 2021, the State filed a motion to revoke Appellant's suspended sentence, alleging he violated his probation by failing to pay restitution and pleading guilty to the new crimes of Use of a Vehicle in Discharge of a Weapon, Felon in Possession of a Firearm, and Assault and Battery with a Deadly Weapon on April 8, 2021, in Oklahoma County District Court Case No. CF-2020-3033. Following a revocation hearing held on November 6, 2023, the Honorable Jay Walker, District Judge, revoked Appellant's suspended sentence in full and, over Appellant's objection, ordered it to be served consecutively to his sentence in Oklahoma County Case No. CF-2020-3033. Appellant appeals from the order of revocation.

¶3 On appeal, Appellant argues, and the State concedes, the trial court lacked authority at the time of revocation to order Appellant's sentence in this case to be served consecutively to his subsequently imposed Oklahoma County sentence. We agree.

¶4 It is well settled that "when a defendant is sentenced, he receives only one sentence, not multiple ones," and that any order of suspension "is not a separate sentence but is instead a condition placed upon the execution of the sentence." Hemphill v. State, 1998 OK CR 7954 P.2d 148Robinson v. State, 1991 OK CR 44809 P.2d 1320

¶5 Here, Appellant was convicted and sentenced in this case in 2017--well before he committed the new crimes in Oklahoma County. Naturally, his original judgment and sentence made no reference to the then non-existent Oklahoma County case. In 2021, Appellant was convicted of new felony offenses in Oklahoma County District Court Case No. CF-2020-3033, and his sentence in that case was ordered "to run . . . concurrently with Comanche County case CF-2016-721." Nevertheless, during the 2023 revocation proceedings in this case, the Comanche County District Court ordered the revoked sentence in Case No. CF-2016-721 to be served consecutively to the Oklahoma County sentence.

¶6 The Oklahoma County District Court had clear statutory authority to order the sentence in Case No. CF-2020-3033 to run concurrently with Appellant's existing sentence in this case. See 22 O.S.2011, § 97622 O.S.Supp.2019, § 991bSee Jones v. State, 1988 OK CR 20749 P.2d 563Neloms v. State, 2012 OK CR 7274 P.3d 161

DECISION

¶7 The revocation of Appellant's suspended sentence in Comanche County District Court Case No. CF-2016-721 is AFFIRMED and this matter is REMANDED to the District Court for entry of a revocation order consistent with Appellant's original judgment and sentence. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF COMANCHE
COUNTY, THE HONORABLE JAY WALKER, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT REVOCATION

 BOBBY LEWIS
 INDIGENT DEFENSE SYSTEM
 1318 S.W. LEE BLVD.
 LAWTON, OK 73501
 COUNSEL FOR DEFENDANT

 MICHAEL BEASON
 ASST. DISTRICT ATTORNEY
 315 S.W. 5TH St., STE. 502
 LAWTON, OK 73501
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 CHRISTOPHER CAPRARO
 INDIGENT DEFENSE SYSTEM
 111 N. PETERS AVE., STE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT

 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 JOSHUA L. LOCKETT
 ASST. ATTORNEY GENERAL
 313 N.E. 21st ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, V.P.J.
ROWLAND, P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

Cf. 22 O.S.Supp.2019, § 991b